Robert C. **PENNEY**, Appellant,

v.

Lilli **PENNEY**, Appellee.

No. 2262.

Supreme Court of Alaska.

Oct. 15, 1975.

Charles E. Tulin, Anchorage, for appellant.

Benjamin O. Walters, Jr., Anchorage, for appellee.

Before RABINOWITZ, Chief Justice, and ERWIN, BOOCHEVER and BURKE, Justices.

## OPINION

PER CURIAM.

This case involves a challenge to the finding of fact of the trial court that a small building on the property located at 36th Avenue and Spenard Road was not a trade fixture and as such was subject to a supplemental property division ordered by the court.[1] Appellant contended the building was a trade fixture owned by Penney Sales, Inc., and thus was not subject to property division[2] in the divorce of the parties.

We have reviewed the record herein and find that the findings of the trial court[3] were not clearly erroneous.[4]

The decision of the trial court is affirmed.[5]

CONNOR, J., not participating.

---

1. The trial court found that the building was personal property even though it had been located on the real property and had not been dealt with in the property settlement relative to the divorce of the parties. It thus found that the property was subject to a supplemental property division to be ordered by the court.

2. Appellant removed the building from the real property after the property had been sold to a third party. The listing for sale by appellee had described the building in question.

3. The trial court found the building was personal property in spite of the conflicting claims of appellant that it was a trade fixture and of appellee that it was part of the real property. Each side submitted evidence to support his position and the Anchorage Borough tax records and assessment policies were presented at the hearing on the issue. Appellee did not appeal the decision that the building was not part of the real property which was awarded to her as a result of the property settlement agreement.

4. The building in question was not carried as an asset on the financial statements or books of the purported owner, Penney Sales, Inc. The building did not appear in the depreciation schedules of the tax returns of Penney Sales, Inc. All insurance on the building was canceled by Penney Sales, Inc., when the real property was transferred to Mrs. Penney as part of the property settlement agreement and was subsequently paid by Mrs. Penney. The Greater Anchorage Area Borough taxed the building as part of the real property, and the taxes were so paid by the owners of the real estate, not Penney Sales, Inc.

5. The trial court found that the building had a non-conforming use on the premises which inured to the benefit of the third party purchaser; and thus the building or its equivalent should be replaced on the premises. If replacement of an equivalent building were required, then appellant should pay two-thirds of the cost and the appellee one-third of the cost.